**TASHI WANGDIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–1397–ag.**

United States Court of Appeals, Second Circuit.

April 24, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Jin Hu, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney, General; Norah Ascoli Schwarz, Senior Litigation Counsel; Luis E. Perez, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Tashi Wangdin, a citizen of China, seeks review of a March 6, 2007 order of the BIA affirming the July 21, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wangdin, Tashi*, No. A 96 267 039 (B.I.A. Mar. 6, 2007), *aff'g* No. A 96 267 039 (Immig.Ct.N.Y.City, July 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). When the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA decision, i.e., "minus" the arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, although the BIA did not explicitly

reject the IJ's adverse credibility determination, the BIA did not address the issue of credibility at all and rested its decision on other grounds entirely. Accordingly, we review the agency's decision "minus" the adverse credibility determination. *See id.*

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

Petitioner claims that he was persecuted on account of his Tibetan nationality and on account of his support for the Dalai Lama. The IJ concluded that Petitioner had failed adequately to demonstrate his Tibetan nationality. Because an applicant's nationality is a threshold issue in determining his eligibility for asylum, *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006), and because it is his burden to establish that eligibility, *see* 8 C.F.R. § 1208.13(a), the IJ accordingly denied relief.

We note first an oddity created by the IJ's determination that Petitioner failed to demonstrate his Tibetan nationality. All of the record evidence demonstrating that Appellant is a Chinese citizen is the same evidence purporting to demonstrate that he is of Tibetan nationality. If this evidence is to be disbelieved, it is unclear on

**46**

what grounds he could be ordered removed to China.

Second, Petitioner asserted two independent bases for his persecution: Tibetan nationality and support for the Dalai Lama. Assuming, *arguendo,* that substantial evidence supported the IJ's determination that Petitioner had not proven his Tibetan nationality, the IJ should still have determined whether or not he was persecuted on account of his support for the Dalai Lama. Here, the IJ made no such finding.[2]

The IJ, and the BIA in its affirmance, erred by failing to consider an argument advanced by Petitioner. *See Yan Chen v. Gonzales,* 417 F.3d 268, 272 (2d Cir.2005). Accordingly, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** The IJ made an adverse credibility determination, but the BIA did not rely on this determination, and we review the IJ's decision "minus" arguments rejected by the BIA. *Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). If we were to review the adverse credibility determination, we would note that the IJ erred in finding that Petitioner "did not give us specifics regarding his arrest" and that his testimony regarding his beatings consisted of "just simple terms," assertions which are contradicted by the record. The IJ also referred to other inconsistencies between Pe-

titioner's testimony and the record, but Petitioner was not given a chance to reconcile the inconsistencies, as our cases require. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006). Accordingly, were we to have reviewed the adverse credibility finding, we might well have determined that it was not supported by substantial evidence.

